UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NATHANIEL HOWARD MOONE (No. 1190456),**

    **Petitioner,**
v.                                                                                **Civil Action No. 2:22cv135**

**HAROLD W. CLARKE,**
**Director, Virginia Department of Corrections,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Nathaniel Howard Moone ("Petitioner" or "Moone") filed this federal habeas petition (the "Petition") (ECF No. 5) under 28 U.S.C. § 2254, and the Petition was referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Respondent moved to dismiss the Petition, arguing that Moone had failed to exhaust his state remedies and that his claims were procedurally defaulted. Resp't Br. Supp. Mot. Dismiss ("Resp't Br.") (ECF No. 17). Along with the motion, Respondent provided the notice to pro se parties required by Local Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (ECF No. 18). Petitioner replied. Resp't Mot. Dismiss ("Reply") (ECF No. 22). Because the Petition contains habeas claims that are procedurally defaulted, and which default is not otherwise excused, this Report recommends that it be dismissed without prejudice.

    **I.**     **FACTUAL AND PROCEDURAL HISTORY**

On June 8, 2016, Petitioner was convicted in the Circuit Court for Arlington County of robbery and attempted robbery. Resp't Br. Ex. A (ECF No. 17-1, at 3, 6). He was sentenced to a total of 15 years on the two counts, four and a half years on the attempted robbery and 10 and a

half years on the completed robbery. Id.; Am. Pet. (ECF No. 5, at 1).

A.  **State Court Proceedings**

**1. Direct Appeal**

Moone appealed his conviction to the Court of Appeals of Virginia. Pet. for Appeal, Moone v. Commonwealth, No. 1750-16-4 (Va. Ct. App. Feb. 3, 2017), Resp't Br. Ex. B (ECF No. 17-2). In his appeal, Moone argued that the evidence was insufficient to prove the robbery was accomplished by force or intimidation. Id. In a per curiam opinion, the court denied the appeal as to the completed robbery but allowed an appeal as to the attempt. Moone v. Commonwealth, No. 1750-16-4 (Va. Ct. App., April 21, 2017), Resp't Br. Ex. C (ECF No. 17-3, at 1-3). Thereafter, a three-judge panel rejected Moone's argument regarding sufficiency of the evidence to prove he accomplished the robbery by force or intimidation. Moone v. Commonwealth, No. 1750-16-4 (Va. Ct. App. Nov. 14, 2017), Resp't Br. Ex. D (ECF No. 17-4). The court's unpublished opinion noted that the only argument presented at trial on a motion to strike the evidence was that the evidence did not prove Moone was the perpetrator. Id. As a result, the Court of Appeals found Moone waived the force and intimidation argument by failing to preserve it at trial. Id. The Court of Appeals, therefore, affirmed his conviction on the attempted robbery as well. Id. At trial, and on appeal to the Court of Appeals Moone was represented by Attorney Harry Dennis.

**2. State Habeas Petitions**

Following the Court of Appeals' decision, Moone missed the deadline to appeal his original conviction to the Supreme Court of Virginia, and as a result his first state petition for a writ of habeas corpus successfully sought a delayed appeal. Moone v. Clarke, No. 171711 (Va. Aug. 2, 2018), Resp't Br. Ex. E (ECF No. 17-5, at 39-40). Following the grant of a delayed

appeal, the trial court appointed Attorney Rachel Collins to represent Moone in his Supreme Court petition for appeal which was filed on December 3, 2018. Pet. for Appeal, Moone v. Commonwealth, No. 181558 (Va. Dec. 3, 2018), Resp't Br. Ex. F (ECF No. 17-6, at 16-28). The petition argued that the Court of Appeals erred by not invoking the ends-of-justice exception to consider Moone's evidentiary argument on the force and intimidation element of his robbery conviction. Id. The Supreme Court refused the petition, as well as a later request for rehearing. Moone v. Commonwealth, No. 181558 (Va. June 20, 2019), Resp't Br. Ex. F (ECF No. 17-6, at 35); Moone v. Commonwealth, No. 181558 (Va. Oct. 11, 2019), Resp't Br. Ex. F (ECF No. 17-6, at 48).

Moone thereafter filed a second state petition for writ of habeas corpus with the Supreme Court of Virginia in which the only ground originally asserted was that his counsel was ineffective for failing to notify him of the Supreme Court's denial of rehearing. State Habeas Pet., Moone v. Clarke, No. 200210 (Va. Feb. 7, 2020), Resp't Br. Ex. G (ECF No. 17-7, at 5). Moone also submitted additional challenges arguing ineffective assistance in a supplemental brief, which the court characterized as a reply. Br. Reply Resp't Pet. for Denial, Moone v. Clarke, No. 200210 (Va. May 21, 2020), Resp't Br. Ex. G (ECF No. 17-7, at 39-50). In the reply brief, Moone attempted to raise ineffectiveness claims of the type raised in this federal petition. Id. But the Supreme Court eventually denied and dismissed Moone's petition without addressing the ineffectiveness claims raised in the reply brief. Moone v. Clarke, No. 200210 (Va. Jan. 4, 2021), Resp't Br. Ex. G (ECF No. 17-7, at 109-10) (noting that Moone had not been granted leave to amend his original petition which did not include the additional claims).

3

**B.     Current Federal Habeas Petition**

In this federal petition filed March 21, 2022,[1] Moone challenges his convictions by asserting claims related to the ineffective assistance of counsel, and violations of due process quoted from his Reply as follows:

> I. Appointed counsel "Rachell Collins, herein Ms. Collins performed deficiently with failing to raise the Strickland issue and the Virginia Supreme Court truncated the Strickland issue with concern to the second prong with it's denial of Moone's petition.
>
> II. Under well established Rule of the Supreme Court of the United States, Moone was denied Due Process of Rule 2:404(b) to prove his identity of two separate crimes of robbery in one trial.
>
> III. The omitting of identity the sole issue of trial from Moone's appeal and the failure to move for severance was an error or reflected a deliberate attorny and appellant strategy as to procudural default causing a misscarriage of justice.

Reply (ECF No. 22, at 3-4). As near as the court can discern them, Moone's Claim I relates to his assertion that his appellate attorney, Collins, failed to argue the appropriate grounds on appeal, and that his trial counsel, Dennis, failed to present the force and intimidation issue at trial—thus resulting in the Court of Appeals finding the issue waived. Id. (ECF No. 22, at 4-6). In Claims II and III, he also appears to argue ineffectiveness and a denial of due process at trial when the trial court admitted evidence of both robberies—implying that the two acts were not connected, or part of a common plan as required by Virginia Rule of Criminal Procedure 3A:6.[2] Id. (ECF No. 22, at 6-8); Am. Pet. (ECF No. 5, at 6-10).

---

[1] Moone filed his original petition with this Court on March 21, 2022. (ECF No. 1). However, his original petition was unsigned. Id. Petitioner was ordered to file an amended petition, (ECF No. 4), which he did on May 25, 2022. Am. Pet. (ECF No. 5). The grounds recited above mirror those in the Amended Petition but are stated somewhat more clearly in the Reply.

[2] Moone actually cites "Federal Rule of Law 2:404(b)," presumably referring to Virginia Rule of Evidence 2:404(b) which limits admission of other crimes to prove character. Va. R. Evid. 2:404(b).

4

Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support, on August 18, 2022. Resp't Br. (ECF Nos. 16, 17). His motion, which was accompanied by detailed records of Moone's appellate and post-conviction filings[3]—argues that Moone's claims are procedurally defaulted and barred from federal review. Moone responded to the Motion, (ECF No. 22), which is now ripe to resolve.

## II.  ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Moone challenges his state custody on the grounds that he did not receive effective representation as required under the Sixth Amendment, and was convicted in violation of due process protections. Am. Pet. (ECF No. 5). However, Moone is procedurally barred from raising those claims now. Furthermore, the Supreme Court's holding in Martinez v. Ryan, 566 U.S. 1 (2012), does not excuse the default of his ineffective assistance of counsel claims. This Report thus RECOMMENDS GRANTING Respondent's Motion to Dismiss, (ECF No. 14), and DISMISSING with prejudice Moone's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 5).

### A.  Moone's Claims are Simultaneously Exhausted and Procedurally Defaulted.

Before applying for federal habeas relief, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). This requirement gives "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing . . .." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The prisoner must "invoke [] one complete round of

---

[3] In addition to the extensive exhibits attached to the Respondent's briefing, the court received records directly from the trial court and both appellate courts.

the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Furthermore, "[e]xhaustion generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). The habeas petitioner bears the burden of proving that all claims are exhausted. Breard, 134 F.3d at 618 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)). Moone did not present either of his current ineffectiveness claims or his due process challenge to the Virginia courts in either of his state habeas petitions but raises them for the first time now with this Court. As a result, all three claims are unexhausted.

A claim may also be treated as exhausted if it clearly would be procedurally defaulted if presented in state court. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Moone's claims are all procedurally defaulted because he did not present them in his state petitions and Virginia law prohibits successive petitions alleging grounds that were available when a petitioner first filed. Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). Moone previously filed a state habeas petition, in which he did not claim ineffective assistance of counsel or any violation of due process. State Habeas Pet., Moone v. Clarke, No. 200210 (Va. Feb. 17, 2020), Resp't Br. Ex. G (ECF No. 17-7, at 2-7). Although he eventually filed a reply brief in those proceedings addressing certain ineffectiveness claims, the Supreme Court expressly declined to consider them, nothing that Moone had not been granted leave to amend his original petition. Moone v. Clarke, No. 200210 (Va. Jan. 4, 2021), Resp't Br. Ex. G (ECF No. 17-7, at 109-10); see also Strong v. Johnson, 495 F.3d 134, 139 (4th Cir. 2007) (limiting federal habeas review to matters

6

raised in state court by proper amendment). Because his ineffectiveness and due process claims relate to his attorney's performance at trial and on appeal, they were clearly available to him when he filed his second state petition. Virginia's successive petitions bar would prevent him from raising them in a new petition. This rule is well-established as an "adequate and independent state-law ground for decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (citing cases). As a result, Moone's claims are procedurally defaulted.

Failure to comply with state procedures bars a petitioner from raising that claim in a federal habeas petition unless the petitioner can show cause for the default and resulting prejudice. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Moone has not shown cause or prejudice.

With respect to his due process claim, he has not offered any factor, external to the petitioner, which would have prevented him from timely presenting the claim. But even if he had, the failure to raise it would not prejudice Moone. The evidence at trial was adequate to establish that the two offenses were part of a common plan. The two robberies occurred within days of each other in the same geographic area. The perpetrator wore identical shoes in both, as well as other distinctive clothing. The perpetrator used a note in both instances. Thus, even if Moone could satisfy the cause inquiry, he cannot demonstrate prejudice from the Commonwealth's decision to try both crimes together.

Additionally, the Court's review of the record confirms that failing to review his due process claims will not result in a fundamental miscarriage of justice. Murray, 477 U.S. at 496 (allowing review when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."). As set forth in the history above, Moone's defense at trial primarily related to the identity of the perpetrator in both robberies. But as the transcripts make clear,

there was ample evidence connecting Moone to each offense, including cell phone location data; distinctive articles of clothing visible in security camera video and recovered from Moone on arrest; and contemporaneous unusual bank deposits in his account. Trial Tr. 184:10 – 2:11:12; 2:15:7 – 2:16:12; 494:10 – 539:19, Resp't Br. Ex. I (ECF No. 17-9, at 185-212, 216-17, 305-50). In addition, although the Court of Appeals did not address the issue, there was significant evidence of threats of force or intimidation, which left the victim in the robbery attempt "shaken." Id., 265:1 – 273:4 (ECF No. 17-9, at 76-83. The Petition does not "present[] 'new reliable evidence' supporting a claim of actual innocence" on either of these underlying charges. Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). Because Moone has not shown cause excusing his failure to comply with state procedure or a fundamental miscarriage of justice, his due process claim is procedurally defaulted and barred from federal review.

### B. Martinez v. Ryan Does Not Allow Moone to Overcome the Procedural Default.

Moone did not explain why a claim for ineffective assistance of counsel was not raised in his state habeas petition. Therefore, there are no "objective factor[s] external to the defense" that impeded his efforts to comply with the state procedural rule. Wolfe v. Johnson, 565 F.3d 140, 158 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

With respect to claims of ineffective assistance of counsel, however, Martinez may excuse a procedural default if it results from inadequate representation during the initial collateral review proceedings. There, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 9. Specifically, Martinez established a test to determine whether a petitioner can show cause for

defaulting on an ineffective assistance claim because of inadequate representation in state habeas proceedings.

The Martinez test applies when the state imposing the conviction requires the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review.[4] Id. at 14. Virginia is such a state. See, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires ineffective assistance claims to be brought "in a habeas corpus proceeding and are not cognizable on direct appeal"). Under the test, the state must first have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective under Strickland v. Washington, 466 U.S. 668 (1984). See Martinez, 566 U.S. at 14. Moone was not represented by counsel for his second state habeas petition, and thus this prong is met. Second, the underlying ineffective assistance claim must be "a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

For Moone to plausibly allege a meritorious claim of ineffective assistance of counsel, he must satisfy both the "performance" and "prejudice" prongs of the two-part test set forth in Strickland. See Moore v. Stirling, 952 F.3d 174, 185-86 (4th Cir.), cert. denied, 141 S. Ct. 680 (2020). To satisfy the "performance" prong of the test, Moone must show that "counsel's representation fell below an objective standard of reasonableness" such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. To satisfy the "prejudice" prong of the test, Moone must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To

---

[4] "Initial-review collateral proceedings" are those proceedings under state law "which provide the first occasion to raise a claim." Martinez, 566 U.S. at 8.

satisfy Martinez and obtain federal review in this habeas action, Moone must plausibly allege that either his trial or appellate counsel were constitutionally ineffective as to both performance and prejudice. Moore, 952 F.3d at 185-86. Although Moone's ineffectiveness claims are difficult to decipher, the record establishes that neither have merit.

**1. Performance**

Moone's counsels' performance did not fall below "an objective standard of reasonableness" in this case. Strickland, 466 U.S. at 688. The difficult burden is on Petitioner to show that counsel's performance was deficient because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. In fact, there is "a heavy measure of deference to counsel's judgments." Id. at 691; see also Pruett, 996 F.2d at 1568 (finding that counsel is "entitled to a presumption that he decided which issues were most likely to afford relief"). Attorneys are not required to "raise every possible claim," and "[t]hey are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014).

Under this deferential standard, Moone has failed to show that either of his attorneys' performance was less than that constitutionally required. It is difficult to discern exactly what deficiency underlies Moone's claim against his second appellate counsel, Collins. His Amended Petition argues that she was ineffective for failing to address on appeal his trial counsel's failure to move to sever his trial for the two offenses. Am. Pet. (ECF No. 5, at 5). But Collins was only appointed for Moone's direct appeal, and Virginia law prohibits raising ineffectiveness on direct appeal. Hall v. Commonwealth, 30 Va. App. 74, 82 (1988). Counsel is not ineffective for failing to raise a futile argument. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005).

The record shows that Collins utilized her professional judgment in pursuing arguments. She argued that the Court of Appeals should have relied on the ends of justice exception to consider Moone's appeal of the force and intimidation issue notwithstanding his trial attorney's waiver of the issue below. Given that the Court of Appeals had initially granted review of that issue as to the robbery attempt, this was clearly the argument "with the greatest chances of success." Mason, 774 F.3d at 828. Moone's conclusory arguments, to the contrary, are not enough the overcome the "heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691.

Moone's second claim of ineffectiveness relates to his trial counsel, Henry Dennis. He appears to argue that Dennis erred in failing to move for separate trials and also by failing to appeal the sufficiency of the evidence on Moone's identity as the perpetrator. See Am. Pet. (ECF No. 5, at 7-9). Neither of these claims of ineffectiveness is substantial.

With respect to the joint trials, Virginia law permits an accused to "be tried at one time for all offenses then pending against him, if justice does not require separate trials and [] the offenses meet the requirements of Rule 3A:6(b)." Va. Sup. Ct. R. 3A:10(b). That reference allows joinder in an indictment when "the offenses are based on the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan." Va. Sup. Ct. R. 3A:6(b). Offenses are parts of a common scheme or plan when they are "closely connected in time, place and means of commission." Satcher v. Commonwealth, 244 Va. 220, 229 (1992).

As discussed above, in Moone's case, the evidence amply supported a joint indictment and trial. Both the robbery and attempt occurred in the same geographic area, within days of each other. In both, the robber wore distinctive shoes and clothing and communicated using a

note. Faced with such circumstances, a reasonable attorney rendering competent assistance could determine that a motion to sever was unlikely to be successful. Moone's reference to "Federal Rule of Law 2:404(b)" implies that he objected to evidence of other crimes which is restricted by Virginia Rule of Evidence 2:404(b). But that rule is directed to evidence of the Defendant's involvement in other crimes offered to prove the character trait of a person to show action in conformity with that trait. Moone disputed that he was the perpetrator in both crimes charged. The Virginia rule specifically permits evidence of other crimes if it is offered to prove identity. Va. R. Evid. 2:404(b).

In sum, Moone has not provided the Court with evidence that the ineffectiveness claims were meritorious. However, even if some potentially had merit, counsel is not required to "raise[] every conceivably viable legal argument." Poyner v. Murray, 964 F.2d 1404, 1423 (4th Cir. 1992). Counsel only needs to perform reasonably, and neither Collins' nor Dennis' conduct fell below an objectively reasonable standard.

### 2. Prejudice

Similarly, there is no evidence that counsels' representation caused Moone any discernable prejudice. The underlying inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986); see also Strickland, 466 U.S. at 694 (requesting the defendant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and defining "reasonable probability" as "a probability sufficient to undermine confidence in the outcome."). Petitioner argues that he was prejudiced because "but for counsel's misfeasance [his] conviction would have been overturned." Reply (ECF No. 22, at 8). However, petitioners

must offer more than "mere speculation" in showing prejudice. Pilcher v. Johnson, No. Civ. A. 705CV00696, 2006 WL 681004, at *7 (W.D. Va. Mar. 10, 2006). Moone has not done so here. As set forth above, the claimed errors largely involve his counsel's alleged failure to raise arguments that would not have been successful.

Moreover, both prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and Moone must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994) (citing Strickland, 466 U.S. at 697). Because Moone's allegations satisfy neither prong, his claims of ineffectiveness are not substantial, and Martinez does not excuse the procedural default in this case.

### III.   RECOMMENDATION

Because Moone's state court remedies are now procedurally defaulted, and such default cannot be excused, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, (ECF No. 16), and Moone's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be DISMISSED with prejudice, (ECF No. 5).

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days

after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

    2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 2, 2022

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing was mailed this date to:

**Nathaniel Howard Moone,** #1190456
c/o VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

A copy of the foregoing was provided electronically this date to:

**Victoria Lee Johnson**
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

By \_\_\_/s/ J. L. Meyers\_\_\_
**Deputy Clerk**

December 2
_____, 2022

15